**No. 46176.**—Protest 37268–K of Saji Trading Co., Ltd. (Los Angeles).

DALLINGER, Judge: This is a suit against the United States, arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of cloisonnéware. Duty was levied thereon at the rate of 50 percent ad valorem under paragraph 339, Tariff Act of 1930, as silver plated household utensils or hollow ware. It is claimed that said merchandise is properly dutiable at but 40 percent ad valorem under said paragraph 339 as household utensils or hollow ware of the kind therein made dutiable at the latter rate.

So far as here pertinent, the protest, which is addressed to the collector of customs, Los Angeles, Calif., reads as follows:

The reasons for objections, under the Tariff Act of 1930, are that the examiner failed to initial all items on the invoices covered by the original stipulation, anp that the stipulation and the Court papers, including the invoices, were sent to the Assistant Attorney General and the United States Customs Court at New York without any opportunity being afforded to plaintiff or his attorney to check to see if all items had been initialled; that obviously the uninitialled items were covered by the intent of the stipulation; that the Examiner has, since the decision last rendered. Abstract 43050 of January 19, 1940, initialled the items previously overlooked, but the Collector has refused on April 22, 1940, to reliquidate those items without a further decision from the United States Customs Court covering the same.

At the hearing, held at Los Angeles on February 5, 1941 before Tilson, Judge, the following record was made:

Mr. STEIN. An investigation of the boxes sent here and the jackets from the Court, indicate that the entry papers were not included in this case, and are with some other case. However, the protest is one which brings up something probably a little out of the ordinary, in that the case is caused by a procedural error in a

case which was stipulated. This case was originally stipulated, agreed upon, and the case sent to the examiner with the stipulation to check the items covered by this stipulation, and the examiner overlooked initialing some items which were covered by the stipulation. We had no way of detecting the fact that these items were not checked or initialed by the Appraiser, because as was the custom at the time, the Appraiser when he signed the stipulation, sent them directly to the Court with the Court papers, and we had no opportunity to see them after he initialed the invoice. We didn't know that some of the items had been overlooked on the invoice, that he had failed to initial them, until the case had been decided and was back for liquidation at the Collector's office. Then in checking the reliquidation with the stipulation we found that certain items on the invoice which should have been initialed, were not initialed. We called it to the attention of the examiner, and he very kindly came up to the Collector's office, and he initialed the items he had originally overlooked. The decision would have covered all items initialed by the examiner. He left off some that should have been initialed. The decision covered all items initialed. We didn't know that he had missed any, but we found that out when the case was decided, and we couldn't tell from the decision that any items had been omitted, but we found it out when we checked the reliquidation after decision. The examiner since then has initialed those items, and we asked the Collector to correct his reliquidation to include those items, but the Collector found that the Comptroller would not conform to that, and claimed that a new decision was necessary in order to take in those items which had been originally overlooked. This protest was filed in this instant proceeding to cover that situation, and since the items originally overlooked on the invoice have since been initialed, we simply ask in the protest that a decision now be rendered which will include all those items now initialed which were not originally included in the Court's first decision.

Mr. WELSH. I can't agree to everything Mr. Stein has said, because I don't know, but I do agree that certain items were originally overlooked, and that certain items are now marked, and I have no objection if the Court deems they have the power in sustaining this protest, to direct a liquidation of the overlooked items. I have no objection to it. That is a matter for the Court to determine.

Mr. STEIN. I think under Sections 514 and 515, where there has been an error in reliquidation due entirely to the omission by the Appraiser's and the Collector's office, that the protest properly lies against the reliquidation, and that the Court may under the law decide the case, including now those items which had been originally omitted by the Appraiser.

Mr. WELSH. It would occur to me that under these circumstances the proper procedure would have been for Mr. Stein to file a motion for rehearing. It is my judgment the protest against the Collector doesn't state a good cause of action, because the Collector followed the mandate of the Court in the original decision, and he had nothing else to do, so he made no error when he followed the mandate of the Court in that case, so to me it is a jurisdictional question as to whether this Court has jurisdiction to entertain this protest, or whether or not the matter should properly have been raised on a motion for rehearing, and the invoices corrected in the first instance.

Judge TILSON. Mr. Stein has explained the condition. They knew nothing about it until it was too late.

Mr. WELSH. You can't confer a jurisdiction on the Court. If the Court thinks it has jurisdiction and wants to exercise it, all right.

Mr. STEIN. The record will show that we had no opportunity to ask for a rehearing, since the reliquidation doesn't take place until more than 60 days after the decision, and we had no way of seeing the invoice or comparing it, or have any reason to compare it with the decision until after liquidation.

Judge TILSON. The Court understands this is an independent protest.

Mr. STEIN. That is right. The importer is not at fault here since we were following the procedure heretofore outlined by circular letter and otherwise, instructing the Appraiser to send stipulations submitted to them with the papers directly to the Court, or to the Assistant Attorney General.

It is evident from the facts herein that the collector at the port of Los Angeles followed the mandate of this court and reliquidated all items initialed by the examiner in accordance with the stipulation submitted to the court. Having satisfied the mandate of this court he was entirely justified in refusing to go beyond its scope. Consequently, there exists no valid cause of action over which this court may take jurisdiction. In our opinion the only remedy which the plaintiff may

have in the premises is to take the matter up with the Treasury Department on the possible ground that a clerical error or oversight was made on the part of the United States examiner who initialed the stipulation. Unfortunately we have no other course to pursue than to dismiss the protest, which we hereby do.

Judgment will be rendered accordingly.